**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nia Elan Davis, | No. CV-25-01992-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| American Airlines, et al., | |
| Defendants. | |

Plaintiff Nia Elan Davis believes her employer defendant American Airlines discriminated against her based on her age and race. Davis also believes American Airlines retaliated against her, subjected her to a hostile work environment, engaged in "unlawful labor practices," and intentionally inflicted emotional distress. (Doc. 26.) American Airlines moved to dismissed and Davis did not respond. The motion to dismiss is granted.

Davis filed her original complaint on June 9, 2025. (Doc. 1.) That complaint named as defendants American Airlines and Teamsters Local Union 104. Davis never served Teamsters and her claims against Teamsters were dismissed based on that failure. (Doc. 28.) Davis served American Airlines and on October 3, 2025, American Airlines filed a "Rule 12(b)(6) Motion to Dismiss." (Doc. 27.) Davis's response was due October 20, 2025, but no response was filed.

Local Rule 7.2(i) provides that failure to respond to a motion to dismiss "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." The time to respond to American Airlines's motion has expired and, pursuant

to Local Rule 7.2(i), it is granted. But briefly looking to the merits of the motion, it would be granted regardless of the local rule.

American Airlines first addresses the discrimination claims Davis is attempting to bring under Title VII, arguing Davis did not exhaust with the EEOC her claims for discrimination based on age, race, hostile work environment, or "failure to prevent discrimination and harassment." (Doc. 27 at 6–8.) The relevant charge Davis filed with the EEOC only references "retaliation." With no opposition, American Airlines's position is correct and Davis only exhausted her retaliation claim. All of Davis's other Title VII claims are dismissed for failure to exhaust.

American Airlines alternatively argues that even assuming Davis had exhausted all of her Title VII claims, the current complaint does not contain sufficient factual allegations to support those claims. That is correct. Davis has not alleged basic requirements for most of her Title VII claims, such as the adverse employment action at issue. Nor has Davis alleged facts showing a "severe or pervasive" work environment that might qualify as a hostile work environment. Similarly, Davis has not alleged facts meeting the high standard for an intentional infliction of emotional distress claim against one's employer.[1] *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995).

Finally, Davis has not alleged sufficient facts indicating a causal relationship between protected activity and subsequent events that might support a retaliation claim. Davis alleges without explanation the retaliation included a "[f]ailure to accommodate [her] in the same manner as prior to her EEOC charge," "unequal discipline," and "[i]gnored complaints." (Doc. 26 at 2.) There are no additional factual allegations explaining, for example, the "unequal discipline" Davis suffered. It is not enough for Davis to allege only that "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Davis's retaliation claim qualifies as a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Id.*

---

[1] American Airlines argues Davis's claims for breach of collective bargaining agreement and unlawful labor practices "can only apply to the Union." (Doc. 27 at 16.) The court accepts that as accurate for purposes of this order.

1   American Airlines requests the court dismiss the amended complaint without leave to amend. It is possible Davis could allege additional facts for at least some of her claims such that leave to amend would not be futile. Davis may, however, have abandoned this case, so the court sets a short deadline for the filing of an amended complaint. If no new complaint is filed, judgment will be entered.

**IT IS ORDERED** the Motion to Dismiss (Doc. 27) is **GRANTED**. The amended complaint (Doc. 26) is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** no later than **November 12, 2025**, plaintiff shall file an amended complaint. The Clerk of Court is directed to enter a judgment of dismissal with prejudice and close this case if no amended complaint is filed.

Dated this 31st day of October, 2025.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge

- 3 -