**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nia Elan Davis, | No. CV-25-01992-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| American Airlines, et al., | |
| Defendants. | |

Plaintiff Nia Elan Davis has filed at least four complaints (Docs. 1, 26, 30, 32), requiring her employer, defendant American Airlines, to file three motions to dismiss (Doc. 27, 31, 34.) The operative complaint does not contain sufficient facts to state any claim for relief and, given the history of this case, additional leave to amend is not appropriate.

## BACKGROUND

Davis filed her original complaint on June 9, 2025. (Doc. 1.) A little over one month later, Davis filed a "Motion to Accept Waiver of Service." (Doc. 13.) The court denied that motion after explaining it was not appropriate because it would be up to American Airlines to object to the adequacy of service. (Doc. 14 at 1.) The court informed Davis that although she was proceeding pro se, she was required to comply with the same rules of procedures that apply to all litigants. Davis was also instructed to "ensure her filings compl[ied] with all applicable rules and procedures." (Doc. 14 at 1.) Despite those warnings, on July 25, 2025, Davis filed another "Motion to Accept Waiver of Service." (Doc. 20.) The court issued a second order denying the motion as "baseless" and reminding Davis she was

risking sanctions by ignoring court orders. (Doc. 23 at 2.)

On September 8, 2025, the parties filed a joint motion requesting Davis be allowed to amend her complaint. (Doc. 24.) The court granted that motion and, on September 19, 2025, Davis filed her amended complaint. (Doc. 26.) American Airlines responded to that complaint by filing its first motion to dismiss. (Doc. 27.) Davis did not oppose that motion and two weeks after the opposition was due, the court granted the motion with leave to amend. (Doc. 29.) In the order granting the motion, the court explained American Airlines had argued Davis did not exhaust her administrative remedies regarding any claim other than retaliation. (Doc. 29 at 2.) Because Davis had not filed an opposition, the court agreed "Davis only exhausted her retaliation claim." (Doc. 29 at 2.) The court also discussed other problems with the complaint, such as the lack of sufficient factual allegations. (Doc. 29 at 2.) As of that point, Davis was on notice that any future complaint would need significantly more factual allegations than she had provided up to that time.

On November 12, 2025, Davis filed a second amended complaint. (Doc. 30.) Two weeks later, American Airlines filed its second motion to dismiss. (Doc. 31.) Before filing that motion American Airlines had conferred with Davis, but the parties were unable to reach an agreement that the second amended complaint could be cured by amendment. (Doc. 31-1 at 1.) Instead of opposing the motion to dismiss, however, Davis filed a third amended complaint. (Doc. 32.) That filing included two different complaints, so the court had to clarify the operative complaint was the document found at Doc. 32 and the parties were to ignore the document found at Doc. 32-1.[1] (Doc. 33.) American Airlines filed its third motion to dismiss asking the court to dismiss the third amended complaint. Davis responded to this motion and requested leave to amend if her complaint was found insufficient. (Doc. 35 at 4.) Davis's opposition also contained a citation to a non-existent case. (Doc. 35 at 4.) American Airlines's reply argued the fictitious citation merited sanctions in the form of dismissal. (Doc. 38 at 10.)

---

[1] The document found at Doc. 32 contains claims for discrimination based on race, color, sexual orientation, age, and retaliation. (Doc. 32 at 3.) The document found at Doc. 32-1 contains a single claim for retaliation. (Doc. 32-1 at 3.) There is no explanation why Davis filed documents containing such different claims.

On January 15, 2026, Davis filed a "Notice of Correction and Request for Leave to Amend." (Doc. 39.) In that notice, Davis sought to withdraw the fictitious citation in her opposition. Davis also requested leave to amend the complaint if the motion to dismiss was granted. (Doc. 39.) Given that Davis had already made a request for leave to amend, it is not clear why she made this separate request.

Turning to the substance, the third amended complaint begins by stating Davis "was subjected to adverse treatment based on race, color, sexual orientation, and age, and later subject to retaliation for engaging in protected activity." (Doc. 32 at 1.) The complaint does not identify Davis's race, color, sexual orientation, or age. The complaint then includes a list of vague allegations regarding Davis's employment.

Davis alleges she has "consistently performed work duties at or above expectations" but she has been excluded from an unidentified "training program" despite unidentified "less qualified individuals" being selected for the program. (Doc. 32 at 2.) Davis raised unspecified "concerns about discrimination and adverse work conditions," but she offers no allegations about when this occurred, to whom Davis complained, or any specifics regarding her "concerns." (Doc. 32 at 2.) After raising her "concerns," Davis "suffered escalating retaliation" that included her managers mentioning "the expiration date of [Davis's] Right-To-Sue letter." (Doc. 32 at 2.) The managers also "falsif[ied] documentation on [Davis's] record and more events past and current which will be available during discovery." (Doc. 32 at 2.) Although not clear, the documentation Davis is referencing may be "[f]alsified coaching and disciplinary documentation." (Doc. 32 at 2.)

Davis then alleged a bullet-point list of additional acts of retaliation:

- Davis received "[t]hreatening messages via Teams Chat" from an unspecified individual sometime in 2024;

- Unidentified individuals "[m]anipulated stats by controlling the types of calls coming to plaintiff and others" at unidentified times in 2024 and 2025;

- Davis was "[e]xclu[ded] from advancement opportunities" by unidentified

individuals at unidentified times;

- Davis was subjected to "[r]epeated verbal hostility" by unidentified individuals at unidentified times; and

- Unidentified individuals at unidentified times created "[a]dditional documentation to justify adverse actions after protected activity."

Based on these allegations, Davis calculates she is owed back-pay damages of $269,400. (Doc. 32 at 3.) As pointed out by American Airlines, Davis also requests "[f]ront pay if reinstatement is not feasible," despite Davis still being employed by American Airlines. (Doc. 32 at 4.)

## ANALYSIS

American Airlines's motion to dismiss makes two basic arguments. First, Davis did not exhaust any claim other than retaliation. (Doc. 34 at 5-7.) And second, Davis has not alleged sufficient facts to state a retaliation claim. (Doc. 34 at 7-13.) Both arguments are correct.

### I.    Exhaustion of Administrative Remedies

American Airlines argues Davis only exhausted a retaliation claim with the EEOC such that all of her non-retaliation claims must be dismissed. American Airlines made this same argument in an earlier motion to dismiss and, based in large part on Davis's failure to file an opposition, the court agreed with American Airlines. (Doc. 27 at 6-8; Doc. 29 at 2.) Although Davis did respond to the latest motion to dismiss, she still does not address exhaustion. Instead, her opposition might be read as conceding she is only pursuing a retaliation claim. (Doc. 35 at 1) (allegations in third amended complaint "easily meet the standard for retaliation"). But regardless of the previous order regarding exhaustion and the lack of meaningful argument from Davis, American Airlines is correct that Davis only exhausted a retaliation claim.

Once a plaintiff files a charge with the EEOC and receives a right-to-sue notice, she may pursue litigation over the claims in the administrative charge alongside additional claims that "are like or reasonably related to the allegations contained in the EEOC charge."

*B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (simplified). In other words, claims are administratively exhausted if they would "fall within the scope of the . . . EEOC investigation that could reasonably be expected to grow out of the charge." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). When comparing the allegations in an administrative charge to the claims in a civil complaint, the court may consider "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (simplified).

Davis's administrative charge focuses on retaliation. That is the sole basis Davis identified in the section of the form asking for her to identify what the alleged "discrimination [was] based on." (Doc. 34-1 at 12.) And although Davis's factual allegations in the charge are meandering, they end with "I believed [sic] I have been retaliated against for filing a previous EEOC Charge." (Doc. 34-1 at 13.) An investigation into the retaliation referenced in the charge would not have expanded to cover the discrimination based on "race, color, sexual orientation, or age" that Davis now alleges in her third amended complaint. That Davis only intended to make a retaliation claim with the EEOC is supported by the fact that she had filed an earlier EEOC charge alleging she had been discriminated against based on her age, color, race, retaliation, and sex. (Doc. 34-1 at 3.) Thus, Davis knew how to select and describe additional forms of discrimination, but for the EEOC charge underlying her current suit, she chose to raise only retaliation. All of her claims except for retaliation are dismissed for failure to exhaust. *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).

## II.    Failure to State a Claim

American Airlines argues Davis has not alleged sufficient facts to state a plausible claim of retaliation. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A prima facie case of retaliation claim under Title VII requires allegations "(1) [the plaintiff] was engaging in protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." *Bergene v. Salt River Project Agr. Imp. & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001). The requirement of establishing a prima facie case is an "evidentiary standard" and not a "pleading requirement[]." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). Thus, a complaint cannot be dismissed merely because it does not contain facts establishing all the requirements of a prima facie case. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1137 (9th Cir. 2019). But it is helpful to consider the elements of a prima facie case when assessing the plausibility of a complaint. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (holding a plaintiff is not required to "establish a prima facie case in her complaint" but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim").

The third amended complaint identifies the protected activity as "filing an EEOC complaint." (Doc. 32 at 2.) Although it would have been helpful for Davis to identify which of her two EEOC complaints she is referencing, an EEOC filing complaining of discrimination undoubtedly is protected activity meeting the first element of a retaliation claim. The problems come with Davis not sufficiently identifying the adverse actions and not providing any allegations supporting a link between the EEOC complaint and those adverse actions.

The complaint alleges a wide variety of conduct that Davis seems to believe qualified as adverse actions. But Davis does not provide sufficient surrounding factual allegations to provide American Airlines with fair notice of the conduct at issue. For example, the allegation that "[t]hreatening messages" were sent "via Teams chat" at some point in 2024 does not provide adequate notice. Similarly, the allegation that Davis

experienced "[r]epeated verbal hostility" is too vague. These general allegations are insufficient because they leave American Airlines largely "in the dark" about the actual basis for Davis's claims. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021).

Beyond vague allegations of adverse actions, there are no allegations establishing a causal relationship between those actions and Davis's EEOC complaint. Davis alleges the actions took place sometime after filing her EEOC complaint, but she does not identify the actual length of time between the various events (or even specific enough dates to infer the length). Simple temporal proximity can support a retaliation claim but "[e]ven cases involving very close temporal proximity have generally featured independent evidence of discrimination or retaliation." *Kama v. Mayorkas*, 107 F.4th 1054, 1060 (9th Cir. 2024). Without identifying the temporal proximity at issue, and without including any other allegations indicating a retaliatory intent, Davis has not alleged a plausible causal connection.

### III. Leave to Amend

"The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Although there is not sufficient evidence to conclude Davis has acted in bad faith, the other factors support denying leave to amend.

This case began approximately eight months ago and since that time Davis has filed four complaints, requiring American Airlines to file three motions to dismiss.[2] After American Airlines filed its first motion to dismiss, Davis did not file an opposition. (Doc. 27.) The court granted the motion but also provided Davis with guidance if she planned to file an amended complaint. (Doc. 27 at 29 at 2-3.) Unfortunately, the third amended

---

[2] Davis's second amended complaint included more details and a single claim for retaliation. (Doc. 30 at 1.) But Davis then voluntarily amended her complaint to remove the details and assert other claims. Davis "is the master of [her] complaint and responsible for articulating cognizable claims." *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). Therefore, the court must accept that Davis intended to remove details and add claims, even though doing so may have been harmful to her case.

complaint represents no meaningful improvement as it consists of vague allegations of events not tied to particular dates or individuals. For whatever reason, Davis appears incapable of providing meaningful factual allegations.

Overall, Davis's approach to this litigation has caused undue delay and given the many amendments she has already made, it would be futile to give her another chance. In addition, "consideration of prejudice to the opposing party . . . carries the greatest weight" when determining whether to allow amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). It would be prejudicial to American Airlines to give Davis endless opportunities to state a claim for relief. Leave to amend is denied.

**IT IS ORDERED** Motion to Dismiss (Doc. 34) is **GRANTED**. The Clerk of Court shall enter judgment in favor of defendant and close this case.

**IT IS FURTHER ORDERED** the Motion for Leave to Amend (Doc. 39) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Allow Electronic Filing (Doc. 42) is **DENIED AS MOOT**.

Dated this 17th day of February, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 8 -